UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Reggie Lamour Lay,

        Petitioner,         Case Number: 24-10723
                              F. Kay Behm
v.                           United States District Judge

Christopher Swanson,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING MOTION
FOR RECUSAL, DENYING CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Reggie Lamour Lay is a pretrial detainee incarcerated at the Genesee County Jail. He seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Lay has also filed a motion for recusal of the undersigned.

The Court dismisses the petition without prejudice because consideration of the petition would interfere with ongoing state criminal proceedings and because Lay has not exhausted his state court remedies. The Court denies Lay's motion for recusal (ECF No. 4) and declines to issue a certificate of appealability. The Court grants Lay leave to proceed on appeal *in forma pauperis*.

**I.**

On June 14, 2019, Lay was arraigned in a Genesee County District Court on fourteen charges including two counts of first-degree premeditated murder and two counts of assault with intent to murder. (ECF No. 1, PageID.33-36.) Following a

probable cause hearing, Lay was bound over to the Genesee County Circuit Court. (*Id.* at PageID.41-42.) The case has been scheduled for trial on June 11, 2024. *See People v. Lay*, No. 19-0000046001-FC. It appears that Lay has been confined in the Genesee County Jail since his arraignment. *Id.*

The petition is not a model of clarity. As best the Court can discern, Lay asserts that the criminal complaint and arrest warrant are deficient in numerous ways, including that they lack date and time stamps, and they were not signed by the clerk of court. He also argues that the prosecutor and state court judge engaged in misconduct by utilizing improper procedures to initiate a criminal proceeding.

## II.

Lay has moved for recusal of the undersigned pursuant to 28 U.S.C. §§ 144 and 455. (*See* ECF No. 4.)

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

"The § 144 affidavit must state factual averments with particularity as to time, person, place, and circumstances." *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007). When reviewing a § 144 affidavit, "the court may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Id.* (quotation omitted).

2

Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Under § 455(b)(1), a judge "shall ... disqualify himself [or herself] ... [w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).  Under the statute, "the judge is free to make credibility determinations, assign to the evidence what [s]he believes to be its proper weight, and to contradict the evidence with facts drawn from [the judge's] personal knowledge." *Scott,* 234 F. App'x at 354 (quotation omitted).  The "ultimate question is whether a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Id.* (citation omitted).  "A judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* at 352 (quotation omitted).

    Recusal is not warranted under § 144 or § 455.  Lay argues that the undersigned's tenure as a judge of the Genesee County Circuit Court renders her unable to be impartial. (*See* ECF No. 4, PageID.48.)  He asserts that he has "reason to believe [the undersigned] has contacted Court [officers] of Genesee County (i.e., prosecutor David Leyton, presiding judge Brian Pickell) in reference to my habeas corpus." (*Id.* at PageID.48-49.) Lay provides no basis for his conclusory allegations other than his own supposition. The undersigned did not reach out to any Genesee County court officers regarding Lay's case nor does the undersigned have any bias in favor of, or against, any party.  The Court will deny Lay's motion.

3

### III.

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing § 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Title 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Federal courts should not interfere with pending state criminal proceedings where (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). The Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: the petitioner seeks a speedy trial and available state-court remedies have been exhausted; the petitioner

4

seeks to avoid a second trial on double jeopardy grounds; and the petitioner faces prejudice from retrial based on ineffective assistance of counsel. *See Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546; *Delk v. Atkinson*, 665 F.2d 90 (6th Cir. 1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1208-09 (6th Cir. 1988), *vacated on other grounds* 492 U.S. 902 (1989)).

Here, the three conditions for abstention are present. First, Lay has an ongoing state criminal case pending in the Genesee County court. Second, state court criminal proceedings "implicate the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). Third, state court criminal proceedings provide an adequate opportunity for Lay to raise his constitutional challenges. Lay has alleged no facts to show that he is or will be unable to raise constitutional claims in the state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, Lay does not assert speedy trial or double jeopardy claims; nor does he assert prejudice from prior ineffective assistance of counsel and due process violations on retrial. Abstention is therefore appropriate in this case.

Additionally, and alternatively, Lay fails to allege that he has satisfied the exhaustion requirement. A state prisoner must exhaust state court remedies before seeking federal habeas relief. *Atkins*, 644 F.2d at 546. The exhaustion requirement

5

applies to petitions filed by pretrial detainees. *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973) (finding that a § 2241 petitioner was entitled to raise his habeas claim in part because he had "exhausted all available state remedies as a prelude to this action"); *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020) (affirming denial of certificate of appealability for failure to exhaust). A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq*. Lay has not alleged that any of the legal arguments he raises in his petition have been raised in the state trial court, the Michigan Court of Appeals, or Michigan Supreme Court.

In sum, Lay fails to allege facts indicating that any of the exceptions to the abstention doctrine apply here or that extraordinary circumstances warrant the Court's intervention in his state criminal case. Moreover, Lay neither alleges nor establishes that he had exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing Section 2254 Proceedings. When a petition is denied because it was not timely filed, a COA may be issued if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

6

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will deny a certificate of appealability because jurists of reason could not find the Court's ruling debatable.

The standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate this Court's resolution of the petition, an appeal could be taken in good faith. Therefore, Lay may proceed *in forma pauperis* on appeal.

## V.

For the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal.

The Court **DENIES** Petitioner's motion for recusal (ECF No. 4).

**SO ORDERED**.

s/F. Kay Behm
F. KAY BEHM
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2024